USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2254 JOSE RAFAEL BENITEZ-PONS, Plaintiff, Appellant, v. THE COMMONWEALTH OF PUERTO RICO, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Salvador E. Casellas, U.S. District Judge] ___________________ ____________________ Before Lynch, Circuit Judge, _____________ Cyr, Senior Circuit Judge, ____________________ and DiClerico, Jr.,* District Judge. ______________ _____________________ William Ram rez-Hern ndez, with whom Nora Vargas-Acosta and _________________________ __________________ Vargas & Ram rez Law Office were on brief for appellant. ___________________________ Roberto Ruiz-Comas and Edgardo Col n-Arrar s, with whom __________________ ______________________ Gaztambide & Plaza, Goldman Antonetti & C rdova and Cherie K. ___________________ _____________________________ _________ Durand were on brief for appellees. ______ ____________________ February 12, 1998 ____________________  ____________________ * Of the District of New Hampshire, sitting by designation. DICLERICO, District Judge. After administrative DICLERICO, District Judge. ________________ proceedings resulted in the revocation of his securities brokerage license, plaintiff-appellant Jos Rafael Ben tez-Pons filed a motion for reconsideration with the Office of the Commissioner of Financial Institutions (OCFI), which issued an interlocutory order tolling the period for judicial review. No resolution of the motion for reconsideration was issued, although the agency and the plaintiff engaged in negotiations. The plaintiff then filed a complaint in federal court alleging violations of the Federal and State Constitutions and statutes in connection with the revocation of his securities license. The district court granted summary judgment to the defendants on the grounds that the claims were barred by the statute of limitations. We affirm the grant of summary judgment. Background1 Background __________ The plaintiff, Jos Rafael Ben tez-Pons, was a practicing licensed securities broker and licensed supervisor of other securities brokers. In April 1988, he co-founded and became president and majority owner of First Continental Corporation (FCC), a now defunct securities brokerage firm. After suspecting improper securities transactions by two of the brokers at FCC, the plaintiff filed a complaint with OCFI. OCFI's investigation eventually included the plaintiff himself.  ____________________ 1 The facts recited herein are either not in dispute or are alleged by the plaintiff. -2- On January 27, 1992, OCFI issued a cease and desist order to FCC, and ordered the plaintiff to show cause why further action should not be taken against him. On January 30, 1992, the plaintiff entered into a consent decree with OCFI. The consent decree provided, inter alia, that the plaintiff was to cease all __________ supervisory and administrative functions at FCC for one year, that FCC would name another person to supervise and perform administrative functions at FCC, that FCC would comply with certain filing requirements, that the plaintiff and FCC would pay certain fines, and that the plaintiff would supply a copy of a resolution of the FCC Board of Directors ratifying such measures. The plaintiff and FCC failed to comply with the consent decree. On March 13, 1992, Peter Smith and other governmental employees or agents of OCFI entered FCC's premises. They conducted a warrantless search of the premises which included, in part, downloading computer information and seizing computer programs and disks, accounting books, a registry, shareholder contracts, and security boxes.  On March 19, 1992, OCFI issued another order against the plaintiff and FCC finding, inter alia, that the consent ___________ decree had not been complied with and that the plaintiff had engaged in other misconduct. In the order, OCFI ultimately concluded that the situation at FCC placed investors and the securities industry in Puerto Rico at risk. It summarily suspended the plaintiff's license, ordered him to show cause why further actions should not be taken against him, and informed him -3- of his right to seek an administrative hearing.2 The plaintiff exercised his right to an administrative hearing. On September 28, 1992, the plaintiff was afforded an administrative hearing on the issue of the revocation of his license. There is no evidence that the plaintiff raised any search and seizure claims, privacy claims, or illegal detention claims during the administrative hearing. On December 28, 1992, OCFI issued a resolution and ordered the plaintiff's license permanently revoked. On January 19, 1993, the plaintiff filed a timely motion for reconsideration with OCFI. This step was a procedural prerequisite to seeking judicial review. In the plaintiff's motion for reconsideration, the plaintiff asserted that the proceedings had violated his constitutional rights.3   ____________________ 2 The record does not make clear whether the plaintiff in fact held multiple licenses, or one license authorizing both broking securities and supervising other securities brokers.  3 The motion for reconsideration asserted constitutional claims as follows: The proceedings carried in this case led to a violation of the due process of law and of the constitutional and civil rights of the Defendant. This is so because all or some of the charges made to the Defendant are of a penal character that entail fines, as expressed in the Order and Resolution, which clearly reveals that the burden of proof fell on the Office of the Commissioner. For this reason the Office of the Commissioner was obliged to present its evidence first and convince the judge that the Defendant had committed tha [sic] violations he was being charged with. Nevertheless, despite the opposition of the Defendant, in this case the burden of proof was inverted and the Defendant was obliged to -4- OCFI responded to the motion for reconsideration with an interlocutory order issued January 28, 1992, pursuant to section 3.15 of Puerto Rico's Uniform Administrative Procedures Act (codified at 3 L.P.R.A. 2165). See P.R. Laws Ann. tit. 3, ___ 2165 (1994) (hereinafter section 2165).4 The plaintiff's  ____________________ prove that he is innocent of the alleged charges. This is clearly a violation of the rights recognized to an "accused" by the Constitution of the Commonwealth of P.R., which adulterates with absolute nullity the whole proceeding and converts the Order and Resolution into a nullity. Much more so in this case, by which the Defendant is deprived of his right to his agent license permanently. The license already issued or granted is an acquired right, and not a privilege as is erroneously indicated in the Resolution and Order. (See Article 402(d) of the Securities Law about the burden of proof, which clearly shows that the burden of proof fell in this case on the Office of the Commissioner.) . . . . . . . Due process of law has not been followed in the proceedings carried on to deprive him permanently of his agent license, which is an acquired right and not merely a privilege. 4 Section 2165 was amended in 1994. See Uniform Administrative ___ Procedures Act -- Judicature Act of 1994, 1995 Puerto Rico Laws Act No. 247 (H.B. No. 1684) 4. The amendments do not directly affect our analysis as they are not applicable to the plaintiffs' case. All references to section 2165 are therefore references to section 2165 as it existed prior to the Judicature Act of 1994, unless otherwise noted.  Section 2165 provided that: The party adversely affected by a resolution or partial or final order may, within twenty (20) days of the filing of the resolution or order, present a motion to reconsider the resolution or order. The ___ agency shall consider the motion within _____________________________________________ fifteen (15) days of its filing. If it _____________________________________________ -5- translation of OCFI's interlocutory order states: That upon review of the Motion for Reconsideration of January 19, 1993, filed by the Respondant [sic], the Commissioner orders that it be considered and resolved. Pursuant to section 3.15 of Law Number 170 of August 12, 1988 (Uniforme [sic] Administrative Procedures Act) supra, the thirty (30) day period in which to seek review is tolled and will begin to run again from the date in which a copy of the Resolution resolving the Motion for Reconsideration is filed and notified. Docket and Notify. In San Juan, Puerto Rico, on January 28, 1993. On February 10, 1993, OCFI filed its opposition to the motion for  ____________________ rejects the motion or fails to act upon it _____________________________________________ within said fifteen (15) days, the term to _____________________________________________ petition for review shall commence to run _____________________________________________ anew as of the notification of said denial or _____________________________________________ as of the expiration of the fifteen (15) day _____________________________________________ term, whichever may be the case. If a ____________________________________ determination is made upon the motion, the term to petition for review shall begin to run as of the date of filing a copy of the notification of the resolution of the agency resolving the motion definitively, which resolution should be issued and filed within ninety (90) days after the motion was filed. If the agency fails to take action on the _____________________________________________ motion for reconsideration within the ninety _____________________________________________ (90) days of the filing of the motion it _____________________________________________ shall lose jurisdiction over the same and the _____________________________________________ term in which to petition for judicial review _____________________________________________ shall commence upon the expiration of said _____________________________________________ ninety (90) day term unless the court, for _____________________________________________ good cause shown, grants the agency an _____________________________________________ extension of time. __________________ The motion to reconsider shall be jurisdictional in order to request judicial review. See P.R. Laws Ann. tit. 3, 2165 (1994) (emphasis added). ___ -6- reconsideration. OCFI never issued a decision by the Commissioner on the motion for reconsideration within the ninety day period as required by section 2165.  Following OCFI's interlocutory order of January 28, 1993, attorneys for OCFI and the plaintiff met to try to resolve the issue. The plaintiff asserts that during the months of March and April 1993, letters and telephone calls were exchanged to this end. The record indicates that the plaintiff's attorneys sent OCFI settlement proposals which were evidently rejected. The plaintiff's intention in the negotiations was to relinquish his constitutional claims in exchange for reinstatement of his license. The plaintiff asserts that representations were made that the statute of limitations was tolled, although there is no evidence in the record that substantiates this allegation beyond the interlocutory order. During these interactions, OCFI never indicated that it was not considering the motion for reconsideration. In September 1993, the Commissioner and the plaintiff accidentally met, and in response to an inquiry by the plaintiff, the Commissioner indicated that he would "follow up" on the plaintiff's motion for reconsideration. In June 1994, the attorney for the plaintiff filed a motion to "resign" from representing him. OCFI never responded to the motion. In March and April 1995, the plaintiff contacted OCFI to inquire about the status of his case and request a copy of the examiner's findings. The plaintiff was told that no one at OCFI had any knowledge regarding his case, and that no one could help -7- him with his inquiry.  On May 2, 1995, the plaintiff filed a complaint in the federal district court of Puerto Rico against the defendants.5 The plaintiff sought declaratory relief, injunctive relief, and damages pursuant to 42 U.S.C. 1983 and 1988, and 28 U.S.C. 2201. The plaintiff asserted that the defendants violated his right to be free from unreasonable searches and seizures, his right to be free from illegal detention, his right to privacy, his property interest in his license, his liberty interest in his career, and his liberty interest in his right to contract for employment. He also asserted claims under the Puerto Rico Constitution, Article II, sections 7, 8, and 10, and Articles 1802 and 1803 of the Puerto Rico Civil Code.  On July 31, 1995, the defendants filed a motion for summary judgment. The defendants argued that the complaint was not filed within one year of the constitutional deprivations, and was therefore time barred. Furthermore, they asserted that the plaintiff failed to toll the statute of limitations because (1)  ____________________ 5 Defendants are the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico; Jos Sosa Llor ns, in his official and personal capacity, and his conjugal partnership; Asdr bal Aponte, in his official and personal capacity, and his conjugal partnership; Peter Smith, in his official and personal capacity, and his conjugal partnership; Rafael Rosario, in his official and personal capacity, and his conjugal partnership; John Doe, in his official and personal capacity, and his conjugal partnership; Richard Doe, in his official and personal capacity, and his conjugal partnership; and Virgilio Vega, in his official and personal capacity, and his conjugal partnership. In light of our conclusion, we need not distinguish between the defendants in addressing the plaintiff's claims and arguments.  -8- the plaintiff failed to satisfy the applicable Puerto Rico tolling statute, which requires that there be identity of relief requested, and (2) equitable tolling was unavailable because the plaintiff could establish neither excusable ignorance nor that the defendant actively misled or prevented the plaintiff from asserting his rights. Finally, the defendants argued that OCFI's determination was final and unappealable because the statute of limitations had expired. The district court granted the defendants' motion for summary judgment. The court first determined that a one year statute of limitations controlled the plaintiff's claims. It then determined that the last alleged violation occurred on September 28, 1992. The complaint therefore had to be filed by September 29, 1993. The court agreed with the defendants and found that the plaintiff had not tolled the statute of limitations on either of two bases: (1) the plaintiff failed to seek the same remedies in the district court as it had before the agency, and therefore failed to satisfy the requirements of the Puerto Rico statute governing the tolling of the statute of limitations through extrajudicial claims, and (2) the plaintiff failed to establish that the statute of limitations was equitably tolled. The court implicitly found that the plaintiff was neither excusably ignorant of the statute of limitations nor actively misled by OCFI. The court concluded that the administrative order was final and unappealable. The plaintiff argues on appeal that the ninety day -9- review period under section 2165 is waivable and was tolled by OCFI. The plaintiff also asserts that the defendants are equitably estopped from asserting the statute of limitations as a defense in this case. Finally, the plaintiff asserts that summary judgment is generally inapplicable in actions raising equitable tolling or estoppel arguments, and that genuine issues of material fact in this case precluded the grant of summary judgment.6  We review motions for summary judgment de novo. See ___ Associated Fisheries of Maine, Inc. v. Daley, No. 97-1327, 1997 ____________________________________ _____ WL 563584, at *3 (1st Cir. Sept. 16, 1997). Discussion Discussion __________ State law statutes of limitations govern suits in federal courts arising under 1983. See Board of Regents v. ___ _________________ Tomanio, 446 U.S. 478 (1980). In Wilson v. Garc a, the Supreme _______ ______ ______ Court determined that the state statute of limitations applicable in tort actions for personal injuries governs 1983 claims. See ___ 471 U.S. 261, 276-80 (1985).  The plaintiff does not dispute that Puerto Rico law establishes a one year prescription period for the claims in this case. See P.R. Laws Ann. tit. 31, 5298 (1994); Rodr guez ___ _________ Narv ez v. Nazario, 895 F.2d 38, 41-42 (1st Cir. 1990). The one _______ _______  ____________________ 6 At oral argument, the plaintiff's attorney asserted that summary judgment was also inappropriate because discovery was at an early stage and sufficient facts could not be adduced. However, this argument was not asserted before the district court, nor in the briefs submitted, and is deemed waived. See, ___ e.g., Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 354 (1st ____ _______________ _____________ Cir. 1992). -10- year period begins running one day after the date of accrual, which is the date plaintiff knew or had reason to know of the injury. See Carreras-Rosa v. Alves-Cruz, 127 F.3d 172 (1st Cir. ___ _____________ __________ 1997).  The tolling of the statute of limitations is also governed by state law. See, e.g., Torres v. Superintendent of ___ ____ ______ _________________ Police, 893 F.2d 404, 407 (1st Cir. 1990). Article 1873 of the ______ Civil Code of Puerto Rico provides that extrajudicial claims will toll the one-year statute of limitations: Prescription of actions is interrupted by their institution before the courts, [or] by extrajudicial claims of the creditor . . . . P.R. Laws Ann. tit. 31, 5303 (1994). "[T]he tolling is effective with regard only to identical causes of action. The statute of limitations is not tolled for all claims arising out of the same facts . . . ." Rodr guez Narv ez, 895 F.2d at 43 __________________ (citations omitted). Moreover, the relief requested in the extrajudicial claim must be the same relief that is later requested in court. See Riofrio Anda v. Ralston Purina, Co., 959 ___ ____________ ___________________ F.2d 1149, 1154 (1st Cir. 1992); Rodr guez Narv ez, 895 F.2d at _________________ 44; Torres, 893 F.2d at 407; Hern ndez del Valle v. Santa Aponte, ______ ___________________ ____________ 575 F.2d 321, 323-24 (1st Cir. 1978). In other words, "to toll the statute the action must be the case at bar, and not merely a somewhat related action arising from the same facts," Ram rez de __________ Arellano v. Alvarez de Choudens, 575 F.2d 315, 320 (1st Cir. ________ ____________________ 1978), and if the remedies in both the claims are not the same, the earlier claim will fail to toll the statute of limitations -11- for the later claim, see Torres, 893 F.2d at 407. For the ___ ______ reasons enumerated below, we find the plaintiff's claims to be barred by the statute of limitations. -12- I. Fourth Amendment, Illegal Detention and Privacy Claims I. Fourth Amendment, Illegal Detention and Privacy Claims __________________________________________________________ The plaintiff alleges that he was subjected to illegal searches and seizures, illegal detentions, and violations of his right to privacy between March 13, 1992, and March 19, 1992. The plaintiff had until March 1993 to file his complaint asserting these causes of action, unless he tolled the statute of limitations. As indicated above, the plaintiff waited until May 1995 to file his federal complaint asserting these claims. There is no evidence in the record that the plaintiff raised these claims during the administrative hearing. He did not assert these claims in his motion for reconsideration filed with OCFI. Nor is there evidence in the record that these specific claims were asserted during the negotiations that transpired in March and April 1993.7 In fact, from the record it appears that the plaintiff raised these specific constitutional claims for the first time when he filed his federal complaint. Therefore, the district court properly concluded that these claims were untimely, and that the plaintiff had not tolled the statute of limitations under the Puerto Rico tolling statute. II. Federal and State Due Process Claims II. Federal and State Due Process Claims _________________________________________ The plaintiff asserts that his property and liberty interests were violated when he was allegedly deprived of his  ____________________ 7 In his sworn statement and in his statement of contested facts, the plaintiff stated that he "asserted in the administrative proceedings that Defendants violated his constitutional and civil rights complained of" in the federal complaint. This general statement is supported by evidence in the record, but only as to the due process claims.  -13- license without due process. We assume arguendo that his claim ________ accrued at the latest possible date, December 28th, 1992, the day the plaintiff's license was permanently revoked, allegedly without due process. Because the plaintiff did not file his complaint in federal court until May 2, 1995, these claims are also time barred by the statute of limitations unless the statute was tolled under Puerto Rico law. Unlike the search and seizure, illegal detention, and privacy claims discussed above, the plaintiff asserted in his motion for reconsideration, and allegedly in his negotiations with OCFI, that the administrative proceedings failed to afford him due process. In his motion he argued that his license was a right and not a privilege, and that he was not accorded due process of law in the administrative proceedings because the burden of proof was inappropriately shifted to him. The plaintiff's argument can, if read liberally, be understood to assert that the plaintiff was deprived of his property and liberty interests without due process of law. However, despite the plaintiff's assertion of these claims in the administrative proceeding, they are not preserved by the Puerto Rico tolling statute. As we held in Torres, if a party seeks a remedy in an ______ extrajudicial claim that is different from the remedy later sought in a judicial proceeding, the statute of limitations is not tolled. In Torres, the plaintiffs had been discharged from ______ their positions as police officers. See 893 F.2d at 406. They ___ filed an administrative action within the statute of limitations -14- seeking reinstatement. After their administrative claim proved unsuccessful, they filed a 1983 action in federal district court seeking damages, reinstatement, and the expunging of photographs and fingerprints filed with the police. By this time, the statute of limitations for their federal claim had expired. In Torres, we found that because the remedies sought by ______ the plaintiffs in the district court were not the same as they were in the administrative proceeding, there was no tolling of the statute of limitations by their extrajudicial assertion in the administrative action. In concluding that the 1983 claim was time barred, we stated in Torres:  ______ [T]he district court correctly held that the extrajudicial claim must claim the same relief later requested in the federal suit. The statute of limitations for Section 1983 claim [sic] is not tolled if the remedy requested in both suits is different. . . . The record supports the district court's finding that the plaintiff requested two distinct remedies. . . . Given that these remedies were not identical, there was no tolling and the prescription period expired . . . . Id. at 407. The case at hand presents similar facts. Here, the ___ plaintiff asserted constitutional claims before the administrative agency, which could have functioned as an extrajudicial claim under Puerto Rico law, tolling the statute of limitations. However, the plaintiff failed to seek the same remedies in the district court as he had sought in the administrative proceedings. In the administrative proceedings he sought only the reinstatement of his license, while in the -15- district court he sought declaratory and monetary relief, as well as the reinstatement of his license.8 III. Equitable Estoppel and Tolling III. Equitable Estoppel and Tolling ____________________________________ The plaintiff also argues that the defendants are equitably estopped from raising the time bar defense. The plaintiff's argument muddles the doctrines of equitable estoppel and equitable tolling. Because the plaintiff asserts elements of both doctrines, we will analyze the equitable arguments under both estoppel and tolling theories. The first issue to be determined in analyzing equitable tolling is its applicability to the case at hand. In Torres ______ Ram rez v. Berm dez Garc a, we noted without resolution that it _______ _______________ was unclear whether the federal doctrine of fraudulent concealment (equitable tolling) continues to apply to 1983 actions, or whether state law governs the issue of equitable tolling. See Torres Ram rez v. Berm dez Garc a, 898 F.2d 224, ___ ______________ _______________ 229 & n.2 (1st Cir. 1990). We need not decide the issue here, as we find that under either the federal or the state doctrine, the plaintiff has failed to establish that the statute of limitations should be equitably tolled.  We have previously addressed equitable tolling under Puerto Rico law in 1983 cases. "Puerto Rico law provides for equitable tolling in a case of 'damage willfully and wrongfully (dolosamente) concealed by the author of the same.'" Ram rez ___________ _______  ____________________ 8 For the same reasons, the plaintiff's claims asserting Puerto Rico causes of action are time barred.  -16- Morales v. Rosa Viera, 815 F.2d 2, 4 (1st Cir. 1987) (quoting _______ ___________ Rivera Encarnaci n v. E.L.A., 113 D.P.R. 383, 386 (1982)). ___________________ ______ Similarly, under federal law, the plaintiff must show "excusable ignorance of the statute of limitations caused by some misconduct of the defendant." Torres, 893 F.2d at 407 (quotations and ______ citations omitted). Equitable tolling is unavailable where a party fails to exercise reasonable diligence. Moreover, "[i]t is axiomatic that 'the grounds for tolling statutes of limitations are more limited in suits against the government . . . .'" Kelley v. NLRB, 79 F.3d 1238, 1248 (1st Cir. 1996) (quoting ______ ____ Swietlik v. United States, 779 F.2d 1306, 1311 (7th Cir. 1985)). ________ _____________ Courts weigh five factors in assessing claims of equitable tolling: (1) the lack of actual notice of the filing requirement; (2) the lack of constructive notice of the filing requirement; (3) the diligence in pursuing one's rights; (4) the absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the filing requirement. See Kale v. Combined Ins. Co. of America, 861 F.2d 746, 752 (1st ___ ____ _____________________________ Cir. 1988). Here, the plaintiff does not allege that the defendants concealed material facts regarding the plaintiff's cause of action or the damages incurred. See Ram rez Morales, 815 F.2d at ___ _______________ 4 (finding equitable tolling inappropriate in 1983 case under either federal or Puerto Rico doctrines where defendants did not prevent or discourage plaintiff from viewing agency records regarding unlawful police shooting, and there was no concealment -17- of material facts) overruled on other grounds by Carreras-Rosa v. _____________________________ _____________ Alves-Cruz, 127 F.3d 172 (1st Cir. 1997). Instead, the plaintiff __________ argues that equitable tolling is appropriate because OCFI misled him regarding the tolling of the statute of limitations under the Puerto Rico Uniform Administrative Procedure Act.  The facts and arguments in this case are similar to those presented by Kelley. See 79 F.3d at 1242-43, 1247-50. In ______ ___ Kelley, the plaintiff failed to serve process on the defendant ______ within the time period mandated by a federal statute. The plaintiff relied on a National Labor Relations Board (NLRB) employee who informed the plaintiff's attorney that the NLRB would serve the defendant and that the plaintiff should not do so. The employee neglected to inform the plaintiff, however, of an NLRB regulation stating that the ultimate responsibility for serving notice was on the charging party. The service by the NLRB was one day late. In rejecting the plaintiff's equitable tolling argument, we held that although the employee's information was "incomplete and perhaps misleading," the delay in service could not "be wholly attributed to an error on the part of the [NLRB]." See Kelley, 79 F.3d at 1249. We found that the ___ ______ plaintiff had constructive notice of the regulation and its requirements because the plaintiff was represented by counsel for a long duration, and counsel had access to the regulations. See ___ id. at 1249 ("Courts generally impute constructive knowledge to ___ plaintiffs who, like appellant, consult with an attorney."). We also determined that it was plain that the attorney's reliance on -18- the employee's representations was unreasonable. See id. at ___ ___ 1249. The information "almost by definition, is not nearly as reliable as simply looking up the text of a regulation." Id. at ___ 1250.  Here, the interlocutory order issued by OCFI indicated that the statute of limitations was tolled until a copy of OCFI's resolution addressing the motion for reconsideration was "filed and notified." In this regard it was incomplete and therefore inaccurate. However, the order expressly stated that it was issued pursuant to section 3.15 of the Puerto Rico Uniform Administrative Procedure Act, which clarifies the ambiguity of the interlocutory order. Pursuant to section 3.15, "[i]f the agency fails to take action on the motion for reconsideration within the ninety (90) days of the filing of the motion it shall lose jurisdiction over the same and the term in which to petition for judicial review shall commence upon the expiration of said ninety (90) day term unless the court, for good cause shown, grants the agency an extension of time." P.R. Laws Ann. tit. 3, 2165 (1994). In short, the statute was tolled either until the OCFI's resolution of the motion was issued or until the time period in which to issue the resolution expired.  The plaintiff had notice of the statute governing the time limitations but relied on the agency's summation of the law. "The general rule is that 'those who deal with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to law.'" Kelley, 79 F.3d at 1249 ______ -19- (quoting Heckler v. Community Health Servs., 467 U.S. 51, 63 _______ ________________________ (1984)). Moreover, the plaintiff had constructive notice of the filing requirement; he was represented by counsel throughout his dealings with OCFI; and he had access to the Puerto Rico Uniform Administrative Procedure Act. See Kelley, 79 F.3d at 1249. Nor ___ ______ can we say that the plaintiff was diligent in pursuing his rights. Between June 21, 1993, and March 1995, the only action the plaintiff took to pursue his rights was when he approached the Commissioner at an unidentified meeting and the Commissioner indicated he would "follow up" on the plaintiff's petition. The plaintiff's counsel acknowledged in oral argument that even this meeting was entirely accidental. The plaintiff initiated no other contact with the agency to resolve his dispute throughout this period. Given the fact that the plaintiff was a sophisticated businessman represented by counsel, and that the plaintiff was directed to the specific section of the Puerto Rico Uniform Administrative Procedure Act that governed the time limitations for his motion, we cannot say that the plaintiff's failure to ascertain the timeliness of his cause of action was reasonable. The plaintiff has referred to the OCFI Regulation Rule 19, see Commonwealth of Puerto Rico, Office of the Commissioner ___ of Financial Institutions, Regulation # 3920, Rule 19 (1989), and Rule 3.16 of the Puerto Rico Uniform Administrative Procedure Act, see P.R. Laws Ann. tit. 3, 2166 (1994), both of which ___ require that notice be sent when an adjudicative procedure is -20- terminated. However, the plaintiff has also cited the OCFI Regulation Rule 18.1, see Commonwealth of Puerto Rico, Office of ___ the Commissioner of Financial Institutions, Regulation # 3920, Rule 18.1 (1989), and Rule 3.15 of the Puerto Rico Uniform Administrative Procedure Act, see P.R. Laws Ann. tit. 3, 2165 ___ (1994), which provide that OCFI's failure to decide a motion for reconsideration within a designated time period either renders the motion and case dismissed by the agency, or strips the agency of its jurisdiction over the case. In such a situation, we cannot agree that the plaintiff's reliance on selected portions of the regulations (i.e. OCFI's failure to notify the plaintiff as to the termination of his case) and his disregard for other portions of the regulations that indicated his case was dismissed, was reasonable. The regulations must be read as a whole, and cannot be read selectively. See O'Connell v. Shalala, ___ _________ _______ 79 F.3d 170, 176 (1st Cir. 1996) ("[A] court engaged in the task of statutory interpretation must examine the statute as a whole, giving due weight to design, structure, and purpose as well as to aggregate language."). Furthermore, the plaintiff's ignorance of the time limitations was unreasonable particularly in light of the fact that these tolling provisions are uniform for all of the Puerto Rico agencies. Because lack of prejudice alone is not an adequate basis for invoking equitable tolling, and the plaintiff has not met the other requirements of the doctrine, we find the equitable tolling doctrine to be inapplicable on these facts. See Kelley, 79 F.3d at 1250. The plaintiff fails in his attempt ___ ______ -21- to distinguish this case from Kelley on the grounds that the ______ Commissioner issued the interlocutory order. Reliance was unreasonable in light of the order's clear reference to the statute under which it was authorized, the uniformity of the provisions for all Puerto Rico agencies, and the notice in the regulations and statute indicating the pending time limitations, among other factors.  Equitable estoppel has a similar origin and effect as equitable tolling, although it is a distinct doctrine. See Kale, ___ ____ 861 F.2d at 752. Equitable estoppel is available in 1983 actions. See Smith v. City of Chicago Heights, 951 F.2d 834, 839 ___ _____ _______________________ (7th Cir. 1992). Even when a federal court borrows a state's statute of limitations, the court applies federal equitable estoppel principles. See id. at 841. "(1) The party to be ___ ___ estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury." Clauson v. Smith, 823 F.2d 660, _______ _____ 661 (1st Cir. 1987). The "reliance must have been reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading." Heckler, 467 U.S. at 59. "'If, at the time when he acted, such _______ party had knowledge of the truth, or . . . with reasonable diligence he could acquire the knowledge . . . he cannot claim to have been misled by relying upon the misrepresentation or -22- concealment.'" Id. (quoting 3 J. Pomeroy, Equity Jurisprudence ___ ____________________ 810, at 219 (S. Symons ed. 1941). Indeed, "the conduct of the defendant must be so misleading as to cause the plaintiff's failure to file suit." S nchez v. Loffland Bros., 626 F.2d 1228, _______ ______________ 1231 (5th Cir. 1980) (footnote omitted). -23- The flaw in the plaintiff's argument, as discussed above, is that the plaintiff's reliance was not reasonable. The interlocutory order explicitly cited the statute pursuant to which it was issued. The statute in turn indicated the time period after which OCFI lost jurisdiction. The OCFI regulations also indicated that the motion for reconsideration would be considered "WITHOUT CAUSE/CASE DISMISSED" without an OCFI resolution in 30 days. See Commonwealth of Puerto Rico, Office ___ of the Commissioner of Financial Institutions, Regulation # 3920, Rule 18.1 (1989). In the face of a conflict between the interlocutory order and the statute it expressly referred to, and another conflict between regulations that indicated the case was dismissed but that also indicated notice would be given in the event of termination, it was unreasonable for the plaintiff to choose to rely upon the interlocutory order. In this case, OCFI's conduct was not so misleading as to cause the plaintiff's failure to file on time without the plaintiff's lack of diligence. Nor are the plaintiff's negotiations with OCFI adequate to equitably toll the statute of limitations. See Bomba ___ _____ v. W.L. Belvidere, Inc., 579 F.2d 1067, 1071 (7th Cir. 1978) _____________________ ("[I]t is widely held that mere negotiations concerning a disputed claim, without more, is [sic] insufficient to warrant the application of equitable estoppel . . . ."). The plaintiff's equitable estoppel argument must therefore fail. The plaintiff also argues that the Commissioner had the authority to waive the time periods at issue, and because he did -24- in fact waive them, the statute of limitations was tolled by OCFI. At the time of this case, the Commissioner had no authority to waive the time periods of section 2165.  The plaintiff's reference to language in sections 2163 and 2164 is without merit.9 Section 2163 provides that an adjudicatory procedure before an agency shall be resolved in six months, absent exceptional circumstances. See P.R. Laws Ann. ___ tit. 3, 2163 (1994). Section 2164 provides that a final order or resolution shall be issued within ninety days after the conclusion of a hearing, unless waived in writing by the parties, or for just cause. See P.R. Laws Ann. tit. 3, 2164 (1994).  ___ The Uniform Administrative Procedure Act is, for the most part, arranged chronologically. Section 2163 deals in its entirety with the procedure of the actual hearing. Section 2164 addresses only issues pertaining to final orders or resolutions, including their timing, content, or notice. It is not relevant to motions for reconsideration. In contrast, section 2165 governs reconsideration and the applicable timing issues in this case. Section 2165 provides that an agency shall lose jurisdiction if it fails to take action within ninety days "unless the court, for good cause shown, grants the agency an extension of time." The agency therefore lacks the authority to waive this requirement. The requirement is not affected by the discretion afforded the agency in other sections, nor by reliance  ____________________ 9 We also reject plaintiff's arguments premised on public policy favoring economical, fair, and rapid proceedings, and on OCFI's conduct. -25- on OCFI's representations or conduct by the plaintiff. We find the statute to be unambiguous and decline to read into it a meaning that directly conflicts with the intent of the legislature.10 See Pag n Ramos v. State Ins. Fund, 92 JTS 13 ___ ____________ ________________ (1992) (stating in dicta "[o]nly through judicial authorization and 'for just cause can that term be extended for a reasonable ____________________________________________________________ period of time.'") (quoting P.R. Laws Ann. tit. 3, 2165 _______________ (1994)); Rivera Rivera v. Municipality of Carolina, 96 JTS 28 ______________ _________________________ (1996) (stating in dicta that there is no ambiguity in the statute). OCFI's administrative order is therefore final, and as timely review was not sought, unappealable. The plaintiff finally argues that summary judgment is inappropriate in this case because it involves equitable estoppel or equitable tolling issues, and because there were genuine issues of material fact unresolved. The mere fact that a party asserts such equitable claims does not foreclose granting a motion for summary judgment. See, e.g., Bell v. Fowler, 99 F.3d ___ ____ ____ ______ 262 (8th Cir. 1996) (equitable estoppel); Cada v. Baxter ____ ______ Healthcare Corp., 920 F.2d 446 (7th Cir. 1990) (equitable _________________ tolling); Jensen v. Frank, 912 F.2d 517 (1st Cir. 1990) ______ _____ (equitable tolling); Dillman v. Combustion Eng'g, Inc., 784 F.2d _______ ______________________  ____________________ 10 We note that the legislature has since amended section 2165 to provide for the agency discretion that the plaintiff argues we should read into the statute. Pursuant to section 2165, as amended, the agency loses jurisdiction after ninety days "unless the agency, for just cause and within those ninety days, extends the term" for at most another thirty days. Act No. 27, H.B. No. 1684, Uniform Administrative Procedures Act -- Judicature Act of 1994 (West 1997). -26- 57 (2d Cir. 1986) (equitable estoppel and equitable tolling). Moreover, we find that the facts alleged by the plaintiff, as they are discussed throughout this opinion, fail to raise a genuine issue of material fact requiring a trial. The district court's grant of summary judgment is therefore appropriate. Affirmed. Parties shall bear their own costs.  Affirmed ________ -27-