**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2578

JOSÉ ROMERO-VILLANUEVA ET AL.,

Plaintiffs, Appellants,

v.

PUERTO RICO ELECTRIC POWER AUTHORITY ET AL.,

Defendants, Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Selya, Circuit Judge,
Coffin, Senior Circuit Judge,
and Lipez, Circuit Judge.

José M. Tous-Rodríguez for appellants.
Pedro Manzano Yates for appellees.

October 14, 2004

**PER CURIAM.** Appellant José Romero-Villanueva challenges the district court's denial of a motion for reconsideration, filed after the district court granted appellees' summary judgment motion on employment discrimination charges. For the reasons set forth below, we affirm.

## I.

Romero-Villanueva (Romero) worked for appellee Puerto Rico Electric Power Authority (PREPA) for twenty-eight years before retiring due to health problems in 1999, two years before he became eligible for full retirement benefits. In the district court, he asserted that PREPA forced his early retirement by subjecting him to various forms of discrimination. Romero first claimed that PREPA's treatment in the wake of two debilitating strokes violated, inter alia, the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000(e) to 2000(e)-17. He also claimed that he suffered political discrimination, in violation of 42 U.S.C. § 1983, and unlawful retaliation as a result of his refusal to fire employees affiliated with the Partido Popular Democratico political party.

The trial court granted summary judgment for PREPA, finding that the discrimination claims were barred by the applicable statutes of limitations: one year for the § 1983 claim, see Benitez-Pons v. Commonwealth of Puerto Rico, 136 F.3d 54, 59 (1st Cir. 1998); Sifre v. Puerto Rico Dep't of Health, 38 F. Supp.

-2-

2d 91, 95 (D.P.R. 1999), and 300 days for claims under Title VII, see 42 U.S.C. § 2000e-5(e)(1); Provencher v. CVS Pharmacy, Div. of Melville Corp., 145 F.3d 5, 13 (1st Cir. 1998), and the ADA, see 42 U.S.C. §§ 2000e-5(e)(1), 12117(a); Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999) (noting that claims brought under Title I of the ADA must be filed with the appropriate administrative agency within the same limitations period set forth in Title VII).

In so holding, the trial court rejected Romero's contention that the alleged violations fell within the continuing violation exception to the Title VII statute of limitations, which might have allowed him to recover for acts beyond the 300-day period. The court reasoned that Romero was aware of the alleged discrimination by December 1995, at the latest,[1] and thus forfeited his claim by failing to file a complaint with the appropriate administrative agency until November 1996, more than 300 days later. More specifically, because the complaint was filed on November 8, 1996, any claim originating before January 13, 1996 was time barred.

Romero then filed a motion to reconsider the grant of summary judgment. He argued first that the court erred in applying the ADA statute of limitations, and second, that the claims should

---

[1]Romero requested reasonable accommodations in November 1995 upon returning from his first medical leave.

be allowed under the doctrine of equitable tolling.[2] In support of the latter, Romero cited two letters from PREPA that he argues lulled him into believing that he would receive a requested disability accommodation, thus explaining his delay in filing a discrimination claim with the appropriate administrative agency.

In denying the motion for reconsideration, the district court repeated its calculation of the ADA statute of limitations, applying the 300-day limit set forth in 42 U.S.C. § 2000e-5(e)(1) and counting backwards from the date that Romero filed his discrimination claim with the Anti Discrimination Unit (ADU), the Puerto Rican counterpart to the Equal Employment Opportunity Commission. The court also rejected the equitable tolling argument, finding no evidence that the letters were motivated by a bad faith desire to prevent Romero from seeking a remedy through the available administrative channels. Romero now challenges the order denying his motion for reconsideration, focusing primarily on the issue of equitable estoppel.

---

[2]The motion to reconsider also faulted the trial court for failing to address Romero's retaliation claim. The order denying the motion to reconsider disposed of that assertion, noting that "after reviewing the pleadings . . . the Court cannot discern that retaliation claims were ever presented before the Court as a separate and distinct cause of action for relief . . . . The Court considers the resolution of the § 1983 and ADA claims to fully address those federal claims presented." In light of this disposition and the lack of additional evidence to the contrary, we find no fault with the district court's ruling.

-4-

Our review of an order denying a motion for reconsideration is highly deferential. Ordinarily, we will vacate such an order only when it amounts to an abuse of the trial court's discretion. Ruiz Rivera v. Riley, 209 F.3d 24, 27 (1st Cir. 2000) ("An appellate court ought not to overturn a trial court's denial of a motion for reconsideration unless a miscarriage of justice is in prospect or the record otherwise reveals a manifest abuse of discretion."); Aybar v. Crispin-Reyes, 118 F.3d 10, 13 (1st Cir. 1997).

A motion for reconsideration is not an opportunity to present new legal claims or to relitigate issues decided at the summary judgment stage. Such a motion is properly granted only upon a showing of manifest error of law or in light of newly discovered evidence. Landrau-Romero v. Banco Popular de Puerto Rico, 212 F.3d 607, 612 (1st Cir. 2000).

The court below found that Romero's motion did not fall into either of these categories. Before so concluding, however, it considered a legal argument not addressed previously but touched upon in the plaintiff's motion in opposition to summary judgment: an equitable estoppel claim based on two letters Romero received from PREPA.[3] Because the trial court dealt with the equitable

---

[3]Romero's Brief in Opposition to Summary Judgment included a passing reference to letters from PREPA and the following argument: In Jensen v. Snelling, 841 F.2d 600, 600-07 (5th Cir.

estoppel issue on its merits and denied the motion for reconsideration on that basis, we do the same.

### III.

We pause first to dispense with a technical matter. Although the order on appeal refers to "equitable tolling," Romero correctly points out that the related doctrine of equitable estoppel is more relevant in this context. Equitable tolling excuses a plaintiff's delay in asserting his rights when the plaintiff was unaware of his rights because of employer misconduct. See Benitez-Pons, 136 F.3d at 61; Kale v. Combined Ins. Co. of Am., 861 F.2d 746, 752 (1st Cir. 1988). Equitable estoppel, by contrast, occurs when a party is aware of his rights "but does not make a timely filing due to his reasonable reliance on his employer's misleading or confusing representations or conduct." Kale, 861 F.2d at 752; see also Dillman v. Combustion Eng'g, Inc., 784 F.2d 57, 60-61 (2d Cir. 1986). Here, Romero does not deny that he was aware of his rights, but rather claims that correspondence

---

1988); Chico-Velez v. Roche Products, Inc., 139 F.3d 56 (1st Cir. 1988), both circuits [sic] courts determined that if defendant acts in some way are [sic] inconsistent in order to avoid any assertive conduct from the aggrieved party, without telling the truth and thereby affecting his claim under the statute of limitations, the courts will not allow such a defense under the equitable tolling destine [sic].

The district court did not directly address this claim in its order granting summary judgment for PREPA. Romero then repeated the claim verbatim in his motion for reconsideration and his supplemental motion for reconsideration.

from PREPA led him to believe that his employer was still considering his request for reasonable accommodations. This is a claim of equitable estoppel.

The doctrine of equitable estoppel is reserved for cases in which "exceptional circumstances" are present. Redman v. U.S. West Bus. Res., Inc., 153 F.3d 691, 696 (8th Cir. 1998). We have established four criteria for determining whether equitable estoppel applies:

> (1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.

Clauson v. Smith, 823 F.2d 660, 661 (1st Cir. 1987). Additionally, "Evidence of either the employer's improper purpose or his constructive knowledge of the deceptive nature of his conduct [i.e., that he knew or should have known] must also be shown." Kale, 861 F.2d at 752.

Romero's equitable estoppel argument appears to rest solely on two letters he received from PREPA representatives. The first letter, dated May 31, 1996, records a physician's recommendation that Romero "not make any physical effort" at work in the wake of his stroke. The second, dated August 19, 1996, though somewhat convoluted, includes a statement that PREPA was still considering Romero's reasonable accommodation request. Romero contends that these letters persuaded him that there was a

-7-

possibility that his reasonable accommodation request would be granted, thereby inducing him to delay filing a discrimination claim with the ADU.

The trial court rejected this position, noting that the letters "do not conceal or attempt through fraud to keep Plaintiff from realizing relief for [the allegedly illegal] employment actions" and that there was "no other evidence that a bad-faith attempt existed to prevent Plaintiff from filing an administrative claim" with the ADU. Having reviewed the record, we agree.

Romero argues that it is irrelevant whether PREPA intended to delay his filing a claim, and that he need only show that his reliance was reasonable. This argument misrepresents our settled understanding of equitable estoppel, which requires a showing that the employer had an improper purpose or constructive knowledge that its conduct was deceptive. Kale, 861 F.2d at 752. Here, there has been no such showing. The letters at issue were prompted by Romero's request for employment accommodations in light of his health. The first is a doctor's recommendation regarding appropriate accommodations, and the second is essentially a status report on Romero's various claims against PREPA, which also notes that his reasonable accommodation request was still under analysis. Neither letter includes any indication that PREPA was likely to grant the requested accommodations; they are not misleading, nor would they support a finding that PREPA intended to prevent Romero

from filing an administrative claim with the ADU. Without additional evidence of an improper purpose or design to mislead Romero, the exceptional circumstances required for equitable estoppel are not present.

Affirmed.