# United States Court of Appeals
## For the First Circuit

No. 05-1639

VISTAMAR, INC.,

Plaintiff, Appellant,

v.

FERNANDO E. FAGUNDO-FAGUNDO; JANE DOE; CONJUGAL PARTNERSHIP
FAGUNDO-DOE; ÁNGEL D. RODRÍGUEZ-QUIÑONES; JANE DOE;
CONJUGAL PARTNERSHIP RODRÍGUEZ-DOE; JUAN VAQUER-CASTRODAD;
JANE DOE; CONJUGAL PARTNERSHIP VAQUER-DOE,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. José Antonio Fusté, U.S. District Judge]

---

Before

Torruella, Circuit Judge,
Gibson, John R.,[*] Senior Circuit Judge,
and Howard, Circuit Judge.

---

Antonio Borrés-Otero, with whom Fernando L. Gallardo and Woods
& Woods LLP, were on brief, for appellant.
Rosa Elena Pérez-Agosto, Assistant Solicitor General, with
whom Salvador Antonetti-Stutts, Solicitor General, Mariana D.
Negrón-Vargas, Deputy Solicitor General, and Maite L. Oronoz-
Rodríguez, Deputy Solicitor General, were on brief, for appellees
Fagundo-Fagundo and Rodríguez-Quiñones.
Carlos E. Cardona-Fernández, with whom Alberto Omar Jiménez-
Santiago, were on brief, for appellee Vaquer-Castrodad.

---

December 2, 2005

---

[*]  Of the Eighth Circuit, sitting by designation.

**TORRUELLA**, **Circuit Judge**.  Plaintiff herein appeals from a district court order granting defendants' motion to dismiss its claim as untimely under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Because we find that plaintiff's claim alleging the deprivation of its constitutionally protected property rights in violation of the Fifth and Fourteenth Amendments of the United States Constitution under 42 U.S.C. §§ 1983, 1985, and 1988 is untimely under the applicable statute of limitations, we affirm the district court's order granting defendants' motion to dismiss.

**I.**

In 1962, the Planning Board of Puerto Rico ("the Planning Board") approved a development plan reserving for future use a 128-acre lot ("the Vistamar Property") owned by Vistamar, Inc. ("plaintiff" or "Vistamar").  The Planning Board's alleged purpose in freezing the property was to construct the Torrecillas Expressway ("the Expressway").

In 1969, the Expressway not having been built, Vistamar filed a civil rights suit in the United States District Court for the District of Puerto Rico against defendants' official predecessors.[1]  Vistamar argued that defendants' reservation,

_____

[1]  The defendants in this case are Fernando Fagundo-Fagundo, Secretary of the Department of Transportation and Public Works of Puerto Rico, his wife and their conjugal partnership; Angel David Rodríguez-Quiñones, President of the Planning Board of Puerto Rico, his wife and their conjugal partnership; and Juan Vaquer-Castrodad, Executive Director of the Land Administration of Puerto Rico, his wife and their conjugal partnership. Because the defendants in the

freezing, and subsequent inaction with regard to the Vistamar Property was tantamount to an inverse condemnation.

On March 14, 1974, the district court issued a judgment approving the terms of a stipulation in which the parties agreed to the sale of the Vistamar Property for $1,718,789.00, with the court noting that the stipulation "dispose[d] of the case on its merits." Vistamar v. Vázquez, No.76-69 (D.P.R. 1974). Although the court's order made no mention of the government's intended use of the property, plaintiff now claims that its acquiescence to the stipulation was subject to the understanding that the Vistamar Property was necessary for the construction of the Expressway.

The Vistamar Property was never developed and the Expressway was never built. No other land was ever expropriated pursuant to the Expressway project. Beginning in 1984, and as recently as 2003, plaintiff tried repeatedly to reacquire the Vistamar Property from defendants, but to no avail.

In November 2002, mindful that a thirty-year statute of limitations for real property disputes[2] would soon mature,

---

1969 case were the official predecessors of those in the instant case, we refer to all defendants in both cases collectively as "defendants."

[2] Section 1863 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5293, provides as follows:

> Real actions with regard to real property prescribe after thirty (30) years.
> This provision is understood without prejudice to the prescriptions relating to the acquisition of ownership or

plaintiff initiated an investigation of government records and archives, as a result of which Vistamar learned that when the government acquired the Vistamar Property by stipulation in 1974, it had no intention of building the Expressway.

In January 2003, plaintiff informed defendants of its belief that the Vistamar Property had been acquired under false pretenses and again attempted to repurchase the Vistamar Property. Defendants' failure to respond prompted plaintiff to allege that defendants condoned, endorsed, and adopted their predecessors' actions, rendering them liable for all wrongdoing alleged by plaintiff.

On February 26, 2003, Vistamar filed a complaint in the United States District Court for the District of Puerto Rico, accusing defendants of treating plaintiff differently from similarly situated property owners through the discriminatory application of eminent domain. Vistamar claimed that defendants' actions constituted a taking without compensation in violation of the Fifth and Fourteenth Amendments' equal protection and substantive and procedural due process guarantees, and asserted damages under 42 U.S.C. §§ 1983, 1985, and 1988 in excess of $40,000,000 to compensate for its lost profits, business credibility, and the expenses required to remain a viable concern while attempting to defend its property rights.

_____

of property rights by prescription.

-4-

The district court granted defendants' motion to dismiss pursuant to Rule 12(b)(6). This appeal followed.

## II.

The district court did not reach the merits of Vistamar's civil rights claims because it dismissed the case as untimely under the statute of limitations. Plaintiff now seeks review of two issues: 1) whether the instant action is time-barred; and 2) whether the doctrines of equitable tolling or equitable estoppel are applicable to the instant case. Defendants raise res judicata as an alternative affirmative defense, but because we find that plaintiff's claim is time-barred, we need not consider it.

We review the district court's grant of defendants' motion to dismiss de novo. Badillo-Santiago v. Naveira-Merly, 378 F.3d 1, 5 (1st Cir. 2004). In an appeal of a Rule 12(b)(6) dismissal, we must accept as true all well-pleaded facts as the plaintiff presents them. Edes v. Verizon Communs., Inc., 417 F.3d 133, 137 (1st Cir. 2005).

## A.

Section 1983 creates a private right of action for violations of federally protected rights. Because it has no statute of limitations provision, § 1983 claims "borrow[] the appropriate state law governing limitations unless contrary to federal law." Poy v. Boutselis, 352 F.3d 479, 483 (1st Cir. 2003) (citing Wilson v. García, 471 U.S. 261 (1984)).

The parties do not dispute -- and it is well-established in this circuit -- that the relevant statute of limitations for civil rights claims in Puerto Rico is one year, in accordance with 31 L.P.R.A. § 5298(2). Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005); Benítez-Pons v. Puerto Rico, 136 F.3d 54, 59 (1st Cir. 1998).

What they do dispute is the date when the one-year limitations period began to accrue. Vistamar maintains that the district court erred when it dismissed the claim as untimely. Defendants argue -- and the district court agreed -- that the claim was filed almost 30 years late.

We have held that "[a]lthough the limitations period is determined by state law, the date of accrual is a federal law question." Carreras-Rosa v. Alves-Cruz, 127 F.3d 172, 174 (1st Cir. 1997). The parties do not dispute the applicability of the general principle that § 1983 claims accrue "when the aggrieved party knows or has reason to know of the injury which is the basis for his action." Rodríguez Narvaez v. Nazario, 895 F.2d 38, 42 n.5 (1st Cir. 1990). Rather, they differ as to the definition of the injury itself.

In determining the commencement of accrual, "[t]he first step . . . is to identify the actual injury of which the plaintiff complains." Guzmán-Rivera v. Rivera-Cruz, 29 F.3d 3, 5 (1st Cir. 1994). The Supreme Court has clearly stated that, in this inquiry,

"the proper focus is on the time of the <u>discriminatory act</u>, not the point at which the <u>consequences</u> of the act become painful." <u>Chardón</u> v. <u>Fernández</u>, 454 U.S. 6, 8 (1981) (citing <u>Delaware State College</u> v. <u>Ricks</u>, 449 U.S. 250, 258 (1980)).

Plaintiff insists that the injury suffered was not the loss of its land, but rather the taking of the land under false pretenses, an injury which it did not discover -- or have reason to discover -- until November 2002. Defendants argue that the relevant injury was the appropriation of the Vistamar Property, which occurred in 1974. We have long held that "[i]n a § 1983 case concerning the unlawful taking of property, the statute of limitations begins to run on the date of the wrongful appropriation." <u>Altair Corp.</u> v. <u>Pesquera de Busquets</u>, 769 F.2d 30, 32 (1st Cir. 1985), <u>abrogated on other grounds by Carreras-Rosa</u> v. <u>Alves-Cruz</u>, 127 F.3d, 172, 174 (1st Cir. 1997); <u>see also</u> <u>Gilbert</u> v. <u>City of Cambridge</u>, 932 F.2d 51, 57 (1st Cir. 1991); <u>Centro Médico del Turabo, Inc.</u> v. <u>Feliciano de Melecio</u>, 321 F. Supp. 2d 285, 290 (D.P.R. 2004). Plaintiff essentially asks us to find that the appropriation did not become "wrongful" until Vistamar's investigation revealed defendants' true intentions.

We have unambiguously rejected this contention -- that the claim does not accrue until the plaintiff knows of both the injury and the discriminatory animus -- in the employment discrimination context. <u>Morris</u> v. <u>Gov't Dev. Bank of Puerto Rico</u>,

27 F.3d 746, 749-50 (1st Cir. 1994) (dismissing appellant's contention that "his cause of action existed in what amounts to a state of suspended animation until he became aware of the racial and political motives behind the adverse employment decision").

We have not previously addressed this "suspended animation" theory with regard to takings claims, but we now find our analysis in the employment context to be persuasive with regard to unlawful takings as well. In Morris, we held that a plaintiff in a § 1983 action "need not know all the facts that support his claim in order for countdown to commence." Id. at 750. We reasoned that the principle reasons for enforcing statutes of limitations -- to protect defendants "from the burden of defending claims arising from [actions] which are long past, while, concominantly, protecting [plaintiffs] who act celeritously to enforce their perceptible rights" -- would be undermined if we held otherwise. Id. (internal quotation marks and citation omitted). Today we find that the need for repose in property disputes compels the same result.

Having rejected plaintiff's suggestion that the actual injury occurred only upon discovery of animus, we still find it necessary to determine when the plaintiff knew or had reason to know of the injury. Rodríquez-García v. Municipality of Caguas, 354 F.3d 91, 96-97 (1st Cir. 2004).

The injury occurred in 1974 when ownership of the Vistamar Property was transferred from plaintiff to defendants under false pretenses, but Vistamar did not discover the absence of a legitimate public purpose until 2002, when it initiated an investigation. If Vistamar was an unwilling participant in the 1974 settlement <u>but for</u> the government's legitimate public purpose, it could have undertaken an investigation of government records at that time. But even if, as Vistamar claims, it did not have reason to know of the injury in 1974, it surely did shortly thereafter. After defendants purchased the Vistamar Property for more than $1.7 million,

> [it] was abandoned and was never used for any purpose, it was never fenced, no improvements were made . . . [it was] infested with rats and mosquitoes, invaded by squatters, becoming a shambles with burnt and stripped automobiles. No other land was ever expropriated for the construction of the Torrecillas Expressway nor was this project ever buil[t] or even star[t]ed to be built.

Brief for Appellant at 7. Plaintiff should have been on notice that an investigation of some kind was warranted when the Vistamar property was completely abandoned and no other parcel of land was frozen in the entire thirty-mile stretch where the Expressway was to have been constructed. Further, it seems that Vistamar was, in fact, on notice. In 1984, Vistamar's attorney wrote to the then-Secretary of the Department of Transportation and Public Works "stating that the Torrecillas Expressway was not going to be built,

-9-

and demanding the right to repurchase the property." Id. at 7-8. Vistamar maintains that its knowledge in 1984 has no bearing on what it had reason to suspect about defendants' 1974 intentions because the government may legally change its plans regarding the use of real property. We do not find this argument to be persuasive. If Vistamar had enough information in 1984 to allege that there never would be an Expressway, it certainly had reason to wonder whether there ever had been legitimate plans to build one. Although plaintiff might not have known it with certainty until November 2002, there was more than enough cause for suspicion in the intervening period to support our conclusion that Vistamar had "reason to know" of the injury by 1984, at the latest.

**B.**

Plaintiff next contends that the doctrine of equitable tolling or equitable estoppel applies in this case. The two doctrines are distinct, and we will consider them separately. Benítez-Pons v. Commonwealth of Puerto Rico, 136 F.3d 54, 63 (1st Cir. 1998).

Equitable tolling is available "in exceptional circumstances" to extend the statute of limitations. Neverson v. Farquharson, 366 F.3d 32, 40 (1st Cir. 2004); see also Delaney v. Matesanz, 264 F.3d 7, 14 (1st Cir. 2001) ("equitable tolling, if available at all, is the exception rather than the rule; resort to

its prophylaxis is deemed justified only in extraordinary circumstances.").

We have left open the question of whether the equitable tolling of § 1983 actions is governed by state or federal law. Benítez-Pons, 136 F.3d at 61 (citing Torres Ramírez v. Bermúdez García, 898 F.2d 224, 229 & n.2 (1st Cir. 1990)). It is not necessary to decide it here because tolling is inapplicable under either test. Federal law requires a showing of "excusable ignorance of the statute of limitations caused by some misconduct of the defendant." Benítez-Pons, 136 F.3d at 61. (internal quotation marks and citations omitted). Puerto Rico law allows equitable tolling where the injury involves damage that is "willfully and wrongfully [] concealed". Id. (internal quotation marks and citations omitted). Our analysis is further informed by the principle that, "[i]t is axiomatic that the grounds for tolling statutes of limitations are more limited in suits against the government." Id. (internal quotation marks and citations omitted).

Plaintiffs do not allege ignorance of the statute of limitations, and so do not meet the threshold requirement for equitable tolling under federal law. As for wrongful concealment, the district court found plaintiff's claim insufficient under the heightened pleading requirement of Rule 9(b) of the Federal Rules

of Civil Procedure,[3] and we agree. In <u>Ramírez Morales</u> v. <u>Rosa Viera</u>, we held that there could be no equitable tolling on grounds of concealment where none of the defendants "actually prevented or discouraged" plaintiffs from investigating the relevant files before the end of the limitations period. 815 F.2d 2, 4 (1st Cir. 1987), <u>abrogated on other grounds by</u> <u>Carreras-Rosa</u> v. <u>Alves-Cruz</u>, 127 F.3d 172, 174 (1st Cir. 1997). The same principle applies in this case. Vistamar acknowledges that its own November 2002 investigation led to the discovery of the grounds for this § 1983 claim and does not suggest that defendants discouraged or opposed the investigation in any way. Nor does Vistamar allege any specific acts of concealment that would have impeded an investigation at an earlier date had Vistamar chosen to undertake one. Explaining the 28-year delay, Vistamar contends merely that it was "discouraged from examining governmental records due to the continued misrepresentation throughout the years that the government, at least at one time, seriously contemplated the construction of the Torrecillas Highway." Brief for Appellant at 20. Vistamar suggests that the pleading requirement of Rule 9(b) is met through allegations that "none of the Appellees or their predecessors sought to clarify or admit that the project had never been a serious endeavor." <u>Id.</u> We cannot accept the argument that

---

[3] Rule 9(b) demands that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).

a defendant's failure to volunteer -- unbidden -- that which plaintiff later discovers is tantamount to wrongful concealment.

Of fundamental importance in this case is the principle that "[e]quitable tolling is unavailable where a party fails to exercise reasonable diligence." Benítez-Pons, 136 F.3d at 61. This principle is buttressed by both law and logic. If plaintiffs fail diligently to pursue the vindication of their own rights, the law will not undermine repose by extending the statute of limitations to accommodate them. See, e.g., Niehoff v. Maynard, 299 F.3d 41, 52 (1st Cir. 2002) ("The guiding principle behind the doctrine of equitable tolling is that the law should be used to achieve some approximation of justice."); González v. United States, 284 F.3d 281, 291 (1st Cir. 2002) ("Tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands.") (internal citation and quotation marks omitted). Plaintiffs maintain that they were duly diligent because the misrepresentation of defendants was such that "no reasonable person would have undertaken a search of records going back to the origins of the alleged project." Brief for Appellants at 20. We judge this position to be untenable in light of the facts which Vistamar presents.

## C.

Equitable estoppel is a distinct, but closely related doctrine. Kelley v. National Labor Relations Board, 79 F.3d 1238,

-13-

1247 (1st Cir. 1996). In § 1983 claims, federal equitable estoppel principles apply. Benítez-Pons, 136 F.3d at 63. Courts must thus consider whether 1) the party to be estopped from asserting a statute of limitations defense (defendant) knew the facts; 2) defendant intended for his conduct to be relied upon or the party asserting the estoppel (plaintiff) had a right to believe it was so intended; 3) the plaintiff was ignorant of the true facts; and 4) plaintiff relied on the conduct of the party to be estopped, to his injury. Id. (citing Clauson v. Smith, 823 F.2d 660, 661 (1st Cir. 1987)). The critical inquiry is whether plaintiff's reliance was reasonable. Id. In this case, we must conclude that it was not. Vistamar discovered in 1984 that the Expressway had not been included in the Metropolitan Road Plan for 1982. But in 1986, the Secretary of the Department of Public Works assured plaintiff that the Expressway was going to be built. Vistamar made no other attempts to repurchase the property until 1998, by which time the dereliction of the property must have been apparent. The combination of defendants' apparent vacillation with regard to the Expressway plan and their complete inaction with respect to the Vistamar Property made plaintiff's reliance unreasonable.

## III.

For the foregoing reasons, we find that the district court properly dismissed plaintiff's § 1983 claim as time-barred.

**Affirmed**.

-14-