**Not For Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 09-2156

JOSÉ MORALES-DE JESÚS,

Plaintiff, Appellant,

v.

METROPOLITAN LIFE INSURANCE COMPANY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Torruella, Leval,* and Lipez,
Circuit Judges.

Raymond L. Sánchez-Maceira, on brief, for appellant.
Frank Gotay-Barquet and Gotay & Pérez, P.S.C., on brief, for appellee.

December 22, 2010

---

* Of the Second Circuit, sitting by designation.

**Per Curiam.** Appellant José Morales-de Jesús ("Morales-de Jesús") filed a complaint against Metropolitan Life Insurance Company ("MetLife"), the administrator of his employer's long term disability pension plan (the "Plan"), for violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461. Morales-de Jesús filed his claim after the three-year contractual limitations period provided for under the Plan had expired. He now appeals the district court's decision to dismiss his claims with prejudice based on the magistrate judge's recommendation concluding that the claims were time barred.

Morales-de Jesús argues that the district court erred by not applying the doctrine of equitable estoppel to preclude MetLife's reliance on its untimeliness defense. To establish that the court should apply the doctrine of equitable estoppel, the party asserting the estoppel must show: 1) the party to be estopped from asserting an untimeliness defense knew the facts; 2) the party to be estopped intended that his conduct be acted on or acted in a way that the party asserting the estoppel has a right to believe it was so intended; 3) the party requesting the application of estoppel was ignorant of the true facts; and 4) the party requesting the application of estoppel relied on the other party's conduct to his detriment. Vistamar, Inc. v. Fagundo-Fagundo, 430 F.3d 66, 73 (1st Cir. 2005). We adopt the reasoning of the district court, which adopted the persuasive reasoning of the

-2-

magistrate judge, to the extent it concluded that Morales-de Jesús failed to establish the elements required for the application of equitable estoppel.

After a careful review of the record and the parties' briefs, we conclude that "no substantial question is presented." 1st Cir. R. 27.0(c). We therefore affirm the judgment of the district court.

**Affirmed**.