**Maritza I. RAMOS–MERCADO, et al., Plaintiffs**

v.

**PUERTO RICO ELECTRIC POWER AUTHORITY, et al., Defendants.**

Civil No. 07–1633 (JP).

United States District Court, D. Puerto Rico.

April 25, 2008.

Marcelle D. Martell, Esq., San Juan, PR, for Plaintiffs.

Carlos E. López–López, Esq., Marie L. Cortés–Cortés, Esq., Zuleika Llovet–Zurinaga, Esq., Llovet, Zurinaga & López, P.S.C., Hato Rey, PR, Idza Díaz–Rivera, Esq., P.R. Department of Justice, San Juan, PR, for Defendants.

### OPINION AND ORDER

JAIME PIERAS, JR., Senior District Judge.

Before the Court is Defendants' motion to dismiss the complaint (No. 11), and Plaintiffs' opposition thereto (No. 16). Also before the Court is Defendants' reply brief (No. 33). Plaintiffs Maritza Ramos–Mercado ("Ramos"), José Rodríguez–Quiñones, the conjugal partnership between them, and their minor daughter, Yulia Rodríguez–Ramos (collectively, "Plaintiffs"), bring this action pursuant to 42 U.S.C. Sections 1983 and 1988 [1] ("Section 1983" and "Section 1988," respectively), for alleged violations of Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution, Act No. 83 of May 2, 1941, Articles 1802 and 1803 of the Puerto Rico Civil Code, and the Constitution of the Commonwealth of Puerto Rico. Specifically, Plaintiff Ramos argues that she was unlawfully deprived of her career appointment with the Puerto Rico Electric Power Authority ("PREPA") when she was denied reinstatement to her position at PREPA, where she had worked ten years prior, after she was permanently separated from her judgeship by the Puerto Rico Supreme Court. Plaintiff Ramos argues that she was terminated from a career position at PREPA without a hearing, in contravention of her procedural due process rights.

Defendants PREPA, Jorge A. Rodríguez–Ruiz ("Rodríguez"), and Aníbal Hernández–Ramos ("Hernández") move to dismiss the complaint for failure to state a due process claim under the Fourteenth Amendment. In the alternative, Defendants Rodríguez and Hernández argue that they are entitled to qualified immunity. For the reasons stated herein, Defendants' motion (**No. 11**) is hereby **GRANTED.**

## I. LEGAL STANDARD FOR A MO-

---

**1.** 42 U.S.C. Section 1988 authorizes the application of state law in federal civil rights actions where federal law does not furnish suitable remedies. It also governs the awarding of attorneys' fees to a prevailing party. For the purposes of this decision, all references to Section 1983 will apply to Plaintiffs' Section 1988 claims as well.

### TION TO DISMISS [2]

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. *Id.* at 1974. The First Circuit has interpreted *Twombly* as sounding the death knell for the oft-quoted language of *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Rodríguez–Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92, 94–95 (1st Cir. 2007), quoting *Twombly,* 127 S.Ct. at 1969. Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence,* 970 F.2d 996, 997 (1st Cir.1992).

## II. FACTUAL ALLEGATIONS

Plaintiff Ramos began working in her regular, career appointment position as an attorney with PREPA on September 10, 1980. She worked in various legal positions within PREPA until April 6, 1997, when she was appointed and confirmed as a Superior Court Judge for the Commonwealth of Puerto Rico, for a term of twelve years. Upon her departure from PREPA, PREPA granted Plaintiff Ramos a voluntary separation from Employment, without pay, for a term certain, pursuant to PREPA's Administrative Manual in effect at that time. On February 27, 2007, before the end of her judgeship term, Plaintiff Ramos was permanently separated from her judgeship by the Puerto Rico Supreme Court. Plaintiff Ramos' termination from her judgeship stemmed from the unethical use of her judicial power for her personal benefit in adopting a child. Plaintiff Ramos was neither disbarred from legal practice nor charged with any criminal offense for this conduct. Plaintiff Ramos also alleges that she was not separated from public service as a result of her improper conduct.

On March 2, 2007, Plaintiff Ramos wrote a letter to Defendant Rodríguez, the Executive Director of PREPA, seeking reinstatement to her regular, career attorney appointment with PREPA. Plaintiff Ramos met with Defendant Rodríguez on March 5, 2007, to discuss her reinstatement. At the end of their meeting, Defendant Rodríguez allegedly told Plaintiff Ramos that he would forward her reinstatement request to Defendant Hernández, PREPA's Human Resources Director.

---

**2.** Plaintiffs argue that if the Court considers the exhibits attached to Defendants' motion to dismiss, the Court must convert the motion to a motion for summary judgment pursuant to Rules 12(b) and 56 of the Federal Rules of Civil Procedure. *See Dogson v. University of Puerto Rico,* 26 F.Supp.2d 341, 342–343 (D.P.R.1998). Because the documents attached to Defendants' brief were referenced and relied upon in Plaintiffs' complaint and the exhibits attached thereto, the Court declines to consider Defendants' motion to dismiss as a motion for summary judgment. *See Clorox Co. v. Proctor & Gamble Comm.* Co., 228 F.3d 24, 32 (1st Cir.2000), citing *Shaw v. Digital Equip. Corp.,* 82 F.3d 1194, 1220 (1st Cir.1996) (holding that a court "may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion into one for summary judgment"). Plaintiffs had notice of these documents because they were referenced by Plaintiffs themselves in the complaint. In the interest of fairness, the Court will also consider Plaintiffs' exhibits to their opposition brief.

As of March 19, 2007, PREPA had not acted on Plaintiff Ramos' request for reinstatement, so Plaintiff Ramos wrote a second letter to Defendant Rodríguez on that date to reiterate her request.

In a letter dated April 11, 2007, Defendant Rodríguez informed Plaintiff Ramos that PREPA would not be reinstating her to her former position. His letter referenced Act No. 184 of August 3, 2004, and PREPA's general regulations as reasons for the denial of reinstatement. Defendant Rodríguez further directed Plaintiff Ramos to request habilitation from the Office of Human Resources of the Commonwealth of Puerto Rico ("ORHELA").

Plaintiff Ramos responded via a letter dated April 30, 2007, advising Defendant Rodríguez that his decision was not only contrary to law, but also arbitrary and capricious in that it deprived Plaintiff Ramos of her due process right to a hearing to challenge the decision.

On June 11, 2007, Defendant Rodríguez sent a letter to Plaintiff Ramos that again denied her request for reinstatement. This letter further cited the "Ethics Code for Officials and Employees of the Commonwealth of Puerto Rico's Executive Branch" and PREPA's "organic law." Defendant Rodríguez again directed Plaintiff Ramos to file a request with ORHELA. Defendant Rodríguez instructed Plaintiff Ramos that if she wished to appeal PREPA's decision, her sole recourse was to challenge the decision within thirty days before the Commonwealth's Court of Appeals.

## III. *ANALYSIS*

In determining whether Plaintiff Ramos was denied procedural due process under the Fourteenth Amendment, the Court will first consider the nature of Plaintiff

Ramos' due process claim, and then will examine whether she has set forth a procedural due process violation under the requirements of Section 1983. Finally, the Court will consider Plaintiffs' claims brought under Puerto Rico law.

### A. *PLAINTIFFS' DUE PROCESS CLAIM*

██ Plaintiff Ramos brought her allegations under Section 1983, arguing that she was deprived of her Fourteenth Amendment right to procedural due process because she was not afforded a hearing before her termination from PREPA. Section 1983 provides a procedural mechanism for enforcing federal constitutional or statutory rights. *See Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). In order to prevail on her Section 1983 claim, a plaintiff must demonstrate that the defendant (1) acted under color of state law and (2) deprived her of an identified federal right. *See Cepero–Rivera v. Fagundo,* 414 F.3d 124, 129 (1st Cir.2005), citing *Romero–Barceló v. Hernández–Agosto,* 75 F.3d 23, 32 (1st Cir.1996). Puerto Rico is considered a state for Section 1983 purposes. *Rivera–Lugaro v. Rullán,* 500 F.Supp.2d 28, 39 (D.P.R.2007).

██ The Fourteenth Amendment to the U.S. Constitution provides that no state shall deprive any person of life, liberty or property without due process of law. U.S. CONST. amend. XIV; *see, generally, Board of Regents v. Roth,* 408 U.S. 564, 569–70, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). In the employment context, constitutional procedural due process protects only those aspects of public employment that are recognized as property interests. *Torres–Rosado v. Rotger–Sabat,* 335 F.3d 1, 9 (1st Cir.2003).[3] The minimum re-

---

**3.** Puerto Rico law provides *career* employees with "property" rights in their continued employment. *Kauffman v. Puerto Rico Tel. Co.,* 841 F.2d 1169, 1173 (1st Cir.1988), citing

quirements of due process for the termination of a career employee are 1) a hearing, and 2) an opportunity to respond to the allegations against her. *Id.* at 10; *see also Kauffman,* 841 F.2d at 1173 (holding that public employees who have a property interest in continued employment are guaranteed the right to at least an informal hearing before they are discharged).

To determine whether Plaintiff Ramos states a procedural due process claim under Section 1983, the Court must consider first whether Plaintiff Ramos had a property right to her position at PREPA, and if so, whether she was deprived of this right without a hearing. The Court will now consider these two requirements.

### 1. *Plaintiff's Property Interest in her Employment*

■ Between September 10, 1980, and April 6, 1997, Plaintiff Ramos was employed as a career attorney at PREPA. On the latter date, she left this position to work as a Superior Court Judge for the Commonwealth of Puerto Rico, for a term of twelve years. Upon her departure, she entered into an agreement with PREPA for a "Voluntary Separation from Employment." In general terms, Plaintiff Ramos argues that this meant that she could return to a position of equal or higher pay grade at PREPA after the conclusion of her judgeship. Plaintiff Ramos argues that she had a property interest in her position at PREPA that continued throughout her voluntary separation.

Plaintiffs claim, and Defendants do not contest, that an individual holding a career attorney position at PREPA has a property right in her continued employment.

However, the issue here is whether this property right continues when the employee consents to a voluntary separation from employment in order to pursue another career opportunity, albeit a temporary one. This appears to be a question of first impression for the Court, and the parties have not identified any cases directly on point.[4]

To determine the validity of Plaintiff Ramos' claim, the Court turns to the documents that explain the terms of the voluntary separation. First, the document signed by Plaintiff Ramos' supervisor to initiate her voluntary separation does not specify whether Plaintiff has a right to return to the exact position from which she separated. *See* Compl., Ex. 2. Rather, it is a one page check-the-box form that provides Plaintiff's title and pay grade, but does not otherwise provide details regarding the voluntary separation or the terms of reinstatement. As specified in this document, Plaintiff Ramos was not receiving a salary during her separation. *Id.* Plaintiff Ramos did not provide the Court with any other documents signed by the parties to initiate the voluntary separation, and she informed the Court that no such documents exist (No. 31).

Plaintiff Ramos references the Administrative Manual in place at the time she began her voluntary separation to support her argument that she had a continued property right to her employment. However, Section 105.1(G) of this manual explicitly states, in pertinent part, that an employee on a voluntary separation "does not preserve his position," despite the fact that he preserves his salary classification.

*Kercado–Meléndez v. Aponte–Roque,* 829 F.2d 255, 264 (1st Cir.1987) (emphasis added).

4. The reinstatement case-law from the District of Puerto Rico focuses on political discrimination cases, where an employee may be reinstated to a career position from a trust position when the political regime changes. *See, e.g., Santiago–Negrón v. Castro–Dávila,* 865 F.2d 431, 437 (1st Cir.1989); *Gaztambide Barbosa v. Torres Gaztambide,* 776 F.Supp. 52, 60 (D.P.R.1991). The political discrimination analysis is not relevant here.

*See* Ex. 1 to Plaintiffs' Opposition. This point is echoed in Section 146.6.1 of the 2006 Administrative Manual, as cited by Defendants, which reads: "an employee in an authorized voluntary separation leave does not keep his or her position ... during the separation period." Even considering all evidence in the light most favorable to Plaintiffs, it is clear from the plain language of these documents that because Plaintiff Ramos did not keep her position during her separation from employment, she did not have a property right to the same.

Moreover, PREPA's 2006 Regulations for Career Service Personnel Management state, in pertinent part:

Section VII [sic]. G. Re-entry.

Any employee is considered ineligible to return to public service [at PREPA] if s/he is removed or if s/he incurs in [sic] dishonorable conduct ... unless h/she is rehabilitated by the Commonwealth of Puerto Rico Human Resources Office.

*See* Ex. B to Defendants' motion to dismiss. There is no question that Plaintiff Ramos engaged in dishonorable conduct, as the Puerto Rico Supreme Court terminated her from her judgeship for the same. Plaintiff Ramos argues that the Court should not consider PREPA's 2006 administrative manual or regulations because they were not in place at the time that Plaintiff entered her voluntary separation. The Court disagrees. Given that Plaintiff Ramos voluntarily separated from PREPA for nearly ten years, it is reasonable that PREPA may improve upon or change its manuals and policies during that extended period of time. The Court declines to engage in an unnecessary contract law analysis to determine whether the parties are bound by the documents in place at the time Plaintiff Ramos began her voluntary separation. From a public policy perspective, it follows that an employee who elects to engage in a twelve year voluntary separation is bound by any changes to the company's manuals and regulations which take effect during her absence.

### 2. *PREPA's Disciplinary Procedures*

■ Plaintiff Ramos further argues that she was denied procedural due process when PREPA failed to follow the disciplinary procedures outlined in its personnel manuals for the termination of career employees. Had Plaintiff Ramos remained in active employee status with PREPA, PREPA would have had to follow its own administrative procedure to terminate her employment, given that she would have a property right in her position. By voluntarily separating from her employment, Plaintiff Ramos placed herself outside the scope of procedures in place for active employees. Given that Plaintiff Ramos had voluntarily separated from PREPA for a period of approximately ten years, and that she was terminated from her judgeship for unethical conduct, the Court holds that Plaintiff Ramos did not retain a constitutional property interest in her employment with PREPA that would guarantee her a right to a hearing before her reinstatement request was denied.

Moreover, even if Plaintiff Ramos could be considered an active employee, whether PREPA followed its own administrative proceedings for her termination is not a question of due process for this Court to consider. *Torres–Rosado,* 335 F.3d at 10 (holding that "an agency's failure to follow its own rules may be significant in administrative law, but the federal due process clause does not incorporate the particular procedural structures enacted by state or local governments"). Accordingly, Plaintiff Ramos has not stated a claim under Section 1983.

### B. *PLAINTIFFS' SUPPLEMENTAL CLAIMS*

Plaintiffs filed supplemental claims pursuant to Act No. 83 of May 2, 1941, Arti-

cles 1802 and 1803 of the Puerto Rico Civil Code, and the Constitution of the Commonwealth of Puerto Rico. Having dismissed the federal claims in this case, the Court declines to exercise jurisdiction over the Puerto Rico law claims, and will enter judgment dismissing those claims without prejudice. *See Newman v. Burgin,* 930 F.2d 955, 963 (1st Cir.1991) ("[t]he power of a federal court to hear and determine state law claims in non-diversity cases depends upon the presence of at least one substantial federal claim in the lawsuit").

## IV. *CONCLUSION*

In conclusion, the Court grants Defendants' motion to dismiss. The Court will enter a separate judgment dismissing with prejudice Plaintiffs' claims brought pursuant to Sections 1983 and 1988 for violations of their due process rights under the Fourteenth Amendment to United States Constitution. The Court will enter judgment dismissing without prejudice Plaintiffs' supplemental claims.

**IT IS SO ORDERED.**

