Jose Lopez ACOSTA, Plaintiff

v.

Pedro TOLEDO, et al., Defendant(s).

Civil No. 08–1314 (JAG).

United States District Court,
D. Puerto Rico.

July 28, 2008.

Lorenzo J. Palomares–Starbuck, Lorenzo Palomares PSC, San Juan, PR, for Plaintiff.

Jose J. Gueits–Ortiz, Department of Justice of Puerto Rico, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is the Motion to Dismiss filed by Pedro Toledo Davila ("Toledo"), Jose R. Alvarado–Almodovar ("Alvarado"), and Juan C. Melendez–Rivera ("Melendez") (collectively "Defendants"). (Docket No. 11). For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 14, 2008, Plaintiff Jose Lopez Acosta ("Plaintiff") filed before this Court a false arrest claim against Defendants. Plaintiff avers that he is entitled to damages under the Civil Rights Act, 42 U.S.C. §§ 1981, 1983, the Fourth, Fifth, Seventh, Eighth, and Fourteenth Amendment of the Constitution of the United States and under the Constitution and laws of the Commonwealth of Puerto Rico. Additionally, Plaintiff requests pre-judgment interest, attorney's fees, and litigation costs under 42 U.S.C. § 1988.

Plaintiff claims that on or about March 12, 2006, Alvarado and Melendez, who are both police officers of the Puerto Rico Police Department, falsely arrested him. Plaintiff alleges that on that date, he was in a car being driven by his brother. Plaintiff contends that Alvarado and Melendez, while acting under color of law, without an arrest warrant and without probable cause, stopped the vehicle in which he was a passenger. According to Plaintiff, the officers stopped the car because they believed that in said vehicle there was a person, who had recently left the Federal Prison and was a leader of a criminal organization in Puerto Rico. Plaintiff contends that during the vehicle stop, Alvarado and Melendez fired a shot at Plaintiff's brother. The shot hit the rear shoulder of Plaintiff's brother causing damage to his lungs and ribs. Plaintiff avers that after witnessing the shooting of his brother, Alvarado and Melendez forced him to sign a confession stating that he

had shot his brother. Furthermore, Plaintiff claims that to cover up the shooting Alvarado and Melendez planted weapons in his body. (Docket No. 1).

After his arrest, Plaintiff was brought before a Magistrate Judge in this Court. The record shows that Plaintiff was arrested on March 14, 2006 and detained in federal prison. *See* Criminal Case No. 06–cr–092 (DRD). On March 20, 2006 Plaintiff's arraignment was held. Criminal Case No. 06–cr–092 (DRD), Docket No. 11. After several evidentiary hearings, Criminal Case No. 06–cr–092 (DRD) was dismissed pursuant to the government's request and on April 12, 2008, Plaintiff was released from federal prison. 06–cr–092 (DRD), Docket Nos. 139 and 141.

On June 3, 2008, Defendants moved to dismiss Plaintiff's complaint. Among other things, Defendants argue that Plaintiff failed to state an adequate section 1981 claim because he did not allege that Defendants intentionally discriminated against him because of his race. Furthermore, Defendants claim that Plaintiff's section 1983 claims are time barred. (Docket No. 11). On July 2, 2008, Plaintiff opposed Defendants' request for dismissal. (Docket No. 13).

## STANDARD OF REVIEW

1. *Motion to Dismiss Standard.*

In *Bell Atl. Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court recently held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92, 95–96 (1st Cir.2007)(quoting *Twombly,* 127 S.Ct. at 1967). While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to "nudge [plaintiffs'] claims across the line

from conceivable to plausible." *Twombly,* 127 S.Ct. at 1974. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965.

The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*quoting Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

## DISCUSSION

Plaintiff alleges that he is entitled to damages pursuant to section 1981 and 1983. Furthermore, Plaintiff requests pre-judgment interest, attorney's fees, and litigation costs under section 1988. As such, this Court must determine whether Plaintiff has proffered an adequate claim under each of these statutes. First, this Court will address Plaintiff's claims under section 1981.

### 1. *Section 1981*

■ Defendants correctly note that "[s]ection 1981[1] proscribes intentional discrimination based on race." *Alexis v. McDonald's Restaurants of Massachusetts,* 67 F.3d 341, 346 (1st Cir.1995); *Vizcarrondo v. Bd. Of Trustees Of The Univ. Of Puerto Rico,* 139 F.Supp.2d 198, 207–08 (D.P.R.2001). Plaintiff failed to plead any facts supporting the claim Defendants intentionally discriminated against him on the basis of race. Therefore, Plaintiff's section 1981 claims against all Defendants will be dismissed with prejudice.

### 2. *Section 1983*

Plaintiff still brings before this Court a false arrest claim under section 1983. Defendants argue that Plaintiff's section 1983 claims are time barred. This Court agrees.

■ Because section 1983 lacks an accompanying federal statute of limitations, the Supreme Court has held that Courts should apply the forum state statute of limitations governing personal injury actions. *See Owens v. Okure,* 488 U.S. 235, 236, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). The Puerto Rico Civil Code provides for a one-year prescriptive period for such actions. *See* 31 L.P.R.A. § 5298(2); *see also Pagan Velez v. Laboy Alvarado,* 145 F.Supp.2d 146, 152 (1st Cir.2001). Accordingly, the one-year prescriptive period applies to Plaintiff's section 1983 claims. *Rodriguez–Garcia v. Municipality of Caguas,* 354 F.3d 91, 96 (1st Cir.2004); *see also Velez v. Alvarado,* 145 F.Supp.2d 146, 152 (D.P.R.2001). The one-year statute of limitations period starts to run one day after the date of accrual. *Benitez–Pons v. Puerto Rico,* 136 F.3d 54, 59 (1st Cir.1998).

■ Although the limitations period is determined by state law, the accrual date is a question of federal law that is not resolved by reference to state law. *Wallace v. Kato,* 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); *Rodriguez–Garcia,* 354 F.3d at 96; *Carreras–Rosa v. Alves–Cruz,* 127 F.3d 172, 174 (1st Cir. 1997)(per curiam). Under federal law the date of accrual is when plaintiff knew or had reason to know of the injury. *Rodriguez–Garcia,* 354 F.3d at 96; *Benitez–Pons,* 136 F.3d at 59.

■ Plaintiff argues that the statute of limitations for the instant action began to accrue on April 12, 2007, because on that date his criminal case was dismissed and he was released from prison. However, in *Wallace v. Kato,* —— U.S. ——, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007), the Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest ... where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Specifically, the statute of limitations for a false arrest claim begins to run when the defendant appears before the examining magistrate and is bound over for trial. *Id.* at 1097. We interestingly note that the Supreme Court in reaching this conclusion stated that "even assuming ... that all damages for detention pursuant to legal process could be regarded as consequential damages attributable to the unlawful arrest, that would not alter the

---

**1.** Section 1981(a) provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full end equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind and to no other.

commencement date for the statute of limitations." *Id.*

In *Wallace*, Chicago police arrested petitioner on January 15, 1994 without an arrest warrant in connection with a shooting death that occurred 2 days earlier. *Id.* at 1094. He was tried and convicted. *Id.* However, on April 2002, after several rounds of appeals, prosecutors dropped all charges against petitioner. *Id.* In April 2003, he filed a section 1983 suit against the city and several police officers for his unlawful arrest. *Id.* The District Court dismissed petitioner's case because it was time barred, the Court of Appeals affirmed and the Supreme Court granted petitioner's request for certiorari. *Id.*

Petitioner alleged that his claim did not accrue until the State dropped the charges against him and was released from prison. *Id.* The Supreme Court rejected petitioner's argument and clarified that damages for a false arrest claim such as the one here, "cover the time of detention up until issuance of process or arraignment, but not more." *Id.* at 1096. Furthermore, the Court stressed that "[f]rom that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself."[2] *Id.* (internal citations and quotations omitted). *Id.* As such, the Court rejected petitioner's contention that his false imprisonment ended

upon his release from custody, after the State dropped the charges against him. *Id.*

Likewise, we must reject Plaintiff's argument that his false arrest claim began to accrue when he was released from prison. Here, Plaintiff's claim began to accrue on the date of arraignment, the date on which he became detained pursuant to legal process, which in this case was March 20, 2006. Since the present complaint was filed on March 14, 2008, past the one year statute of limitations period, this Court finds that Plaintiff's section 1983 claims are time barred.

 Alternatively, Plaintiff argues that in the case at bar there is equitable tolling[3] because he was incarcerated due to Defendants' conduct and as a result, was unable to timely file the present complaint. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). The Supreme Court has made clear that "equitable tolling [in the context of a section 1983 claim] is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace*, 127 S.Ct. at 1100.[4]

---

**2.** Plaintiff's complaint only proffers a false arrest claim. (*See* Docket No.1).

**3.** We interestingly note that a prescriptive period under Puerto Rico law can be interrupted in one of three ways: "by the institution of an action before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." *See* 31 L.P.R.A. § 5303. However, Plaintiff has not argued for such tolling. As such, this Court need not discuss whether the one year statute of limitations period was tolled under any of these circumstances.

**4.** The reason for the late filing is an important factor in applying the equitable tolling doctrine. *Trapp v. Spencer*, 479 F.3d 53, 59 (1st Cir.2007). "Generally, in civil cases, 'garden-variety' attorney negligence, even if excusable, is not grounds for equitable tolling." *Trapp v. Spencer*, 479 F.3d 53, 60 (1st Cir.2007)(citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)). Rather, "equitable tolling is appropriate in rare and exceptional in which a party is 'prevented in some extraordinary way from exercising his rights.'" *Zerilli–Edelglass v. New York City Transit Auth.*,

In *Wallace*, the Supreme Court explained that false arrest and false imprisonment claims overlap because both refer to detention without legal process. *Id.* at 1095. The Court when on to refer to the two torts together as false imprisonment and recognized that "the statute of limitations on false imprisonment is subject to a distinctive rule—dictated, perhaps, by the reality that the victim may not be able to sue while he is still imprisoned." *Id.* at 1095–96. Nonetheless, as mentioned above, the Court held that the false arrest or false imprisonment ends once the victim becomes held pursuant to the legal process such as when he is bound over by a magistrate judge or arraigned on charges. *Id.* at 1096. Pursuant to the Supreme Court's holding in *Wallace*, this Court finds that the fact that Plaintiff was imprisoned is not an extraordinary circumstance, which mandates that this Court apply the equitable tolling doctrine. In said case, like the one before this Court, the petitioner was arrested and imprisoned and still the Court held that his false arrest claim was time barred because the date of accrual commenced when the legal process began. Because Plaintiff's false arrest claim is time barred and the doctrine of equitable tolling is inapplicable, this Court finds that Plaintiff's section 1983 claims must be dismissed with prejudice.

### 3. *Supplemental Law Claims*

■ Since all federal claims will be dismissed this Court must now determine whether it will exercise supplemental jurisdiction over Plaintiff's remaining state law claims. This Court should decline to exercise supplemental jurisdiction over a plaintiff's supplemental jurisdiction claims when all federal claims are dismissed. *See Camelio v. American Federation*, 137 F.3d 666, 672 (1st Cir.1998) ("[T]he balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation.") (citations omitted). This Court will dismiss all of Plaintiff's federal claims against Defendants. As such, we will not exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

### CONCLUSION

■ For the reasons stated above, the Court hereby **GRANTS** Defendants' Motion to Dismiss. (Docket No. 11). Plaintiff's federal claims against Defendants shall be dismissed with prejudice. Plaintiff's state law claims against Defendants shall be dismissed without prejudice. Since Plaintiff's claims against Defendants shall be dismissed, this Court need not discuss whether prejudgment interest, attorney's fees, and litigation costs under section 1988 should be granted to Plaintiff.[5] Judgment shall be entered accordingly.

IT IS SO ORDERED.

333 F.3d 74 (2d Cir.2003)(internal citations and quotations omitted).

**5.** Section 1988 governs the awarding of attorneys' fees to a prevailing party in federal civil rights actions. *Ramos–Mercado v. P.R. Elec. Power Auth.*, 550 F.Supp.2d 287, 289 n. 1 (D.P.R. 2008)