**Not For Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 08-1769

MARITZA I. RAMOS-MERCADO, et al.,

Plaintiffs, Appellants,

v.

PUERTO RICO ELECTRIC POWER AUTHORITY, et al.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., U.S. District Judge]

Before

Lynch, Chief Judge,
Selya and Lipez, Circuit Judges.

Marcelle D. Martell Jovet for appellants.
Leticia Casalduc-Rabell, Assistant Solicitor General, with whom Maite D. Oronoz-Rodríguez, Acting Solicitor General, and Ileana M. Oliver-Falero, Acting Deputy Solicitor General, were on brief, for appellees Rodríguez-Ruiz and Hernández-Ramos in their individual capacities.
Marie L. Cortés, López López & Associates, for appellees Puerto Rico Electric Power Authority, Rodríguez-Ruiz, and Hernández-Ramos in their official capacities.

December 18, 2009

**PER CURIAM**.  Appellant Maritza Ramos-Mercado commenced this action pursuant to 42 U.S.C. § 1983 against her former employer, appellee Puerto Rico Electric Power Authority, and others.  She alleged in her complaint that the appellees deprived her of property without due process of law when they refused to reinstate her as a career attorney following a ten-year leave of absence.  The district court dismissed her complaint for failure to state a claim.

We affirm, concluding that Ramos-Mercado was provided with all the process that was due under the facts of this case.

## I.

Ramos-Mercado's claims arise out of her employment relationship with the Puerto Rico Electric Power Authority ("PREPA"), a public corporation of the Commonwealth of Puerto Rico. PREPA originally hired Ramos-Mercado as a career attorney in 1980. Ramos-Mercado worked in that capacity until 1997, when she was appointed to a twelve-year term as a Superior Court Judge for the Commonwealth of Puerto Rico.  At the time of the appointment, Ramos-Mercado agreed to be voluntarily separated from her PREPA position.  She alleges that the terms of the separation granted her the right to return to PREPA at the end of her judicial service, at a pay grade commensurate to that of her former position.

On February 27, 2007, two years before Ramos-Mercado's judicial term expired, the Puerto Rico Supreme Court permanently

and immediately removed her from office. The following week, Ramos-Mercado met in person with appellee Jorge Rodríguez-Ruiz, PREPA's Executive Director at the time, to ask to be reinstated as a PREPA attorney. Rodríguez-Ruiz assured Ramos-Mercado that he would forward her reinstatement request to appellee Aníbal Hernández-Ramos, PREPA's Director of Human Resources.

By letter dated April 11, 2007, Rodríguez-Ruiz advised Ramos-Mercado that she was ineligible for immediate reinstatement. He cited Public Law No. 184 of August 3, 2004, § 6.8, and PREPA's personnel regulations, which limit the right of certain individuals who have been removed from public office to be employed as civil servants. Rodríguez-Ruiz pointed out that Ramos-Mercado had been removed from her position in the judiciary and concluded that she would therefore be ineligible for employment with PREPA until she had undergone "habilitation" with the Commonwealth of Puerto Rico Office of Human Resources.[1]

In a response dated April 20, 2007, Ramos-Mercado argued that the law cited by Rodríguez-Ruiz was inapplicable to public corporations such as PREPA. She stated her view that there was "no legal impediment" to her reinstatement. She did not ask for any

_____

[1] The Director of the Office of Human Resources is authorized, in his or her discretion, to readmit certain individuals to the public service who would otherwise be ineligible. See P.R. Laws Ann. tit. 3, § 1462g(2). The process for requesting and receiving the Director's permission is known as "habilitation" or "rehabilitation."

-3-

further meetings, nor did she dispute the factual basis for PREPA's decision (i.e., her removal from the judiciary).

Rodríguez-Ruiz wrote a final response on June 11, 2007. He once again cited Ramos-Mercado's removal from public office as a barrier to her reinstatement, listing a number of laws and regulations that made her ineligible for employment. The letter concluded: "If you are not in agreement with this decision, you have a term of thirty days from receipt of this notice in which to request review before the Puerto Rico Court of Appeals."

The following month, Ramos-Mercado filed a complaint under 42 U.S.C. § 1983 in the United States District Court for the District of Puerto Rico, naming PREPA, Rodríguez-Ruiz, Hernández-Ramos, and others as defendants. She alleged that she had a protected property interest in her employment with PREPA and that the defendants deprived her of that interest without due process of law when they refused to reinstate her, all in violation of her constitutional rights. She also asserted supplemental claims under Puerto Rico law.

The defendants filed a motion to dismiss Ramos-Mercado's complaint for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). The district court granted the motion, finding that Ramos-Mercado did not have a protected property interest in her employment with PREPA. The court also declined to exercise supplemental jurisdiction over the Commonwealth law claims. See 28

-4-

U.S.C. § 1367(c)(3). Judgment was entered for the defendants, and this appeal followed.

## II.

We review a dismissal for failure to state a claim de novo, accepting as true the well-pleaded factual allegations in the complaint and drawing all reasonable inferences in favor of the plaintiff. Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009).

Ramos-Mercado alleges that the appellees violated the Constitution by depriving her of the right to be reinstated as a career attorney without due process of law. To prevail on that claim at trial, she would have to prove that: (1) she had a protected property interest in her right to be reinstated, and (2) the appellees, acting under color of Commonwealth law, deprived her of that interest without providing constitutionally adequate procedures. See Marrero-Gutierrez v. Molina, 491 F.3d 1, 8 (1st Cir. 2007).

The district court held that Ramos-Mercado did not have a protected property interest in her right to be reinstated. See Ramos-Mercado v. P.R. Elec. Power Auth., 550 F. Supp. 2d 287, 292 (D.P.R. 2008). We find it unnecessary to address that issue. Even assuming that Ramos-Mercado had a protected property interest in her right to be reinstated, it is evident from the face of the complaint and its attachments that the appellees provided her with

-5-

"all the process that was due" before they deprived her of that interest. Mard v. Town of Amherst, 350 F.3d 184, 194 (1st Cir. 2003).

Before explaining why that is so, we emphasize the focus of the relevant inquiry. The procedural component of the Due Process Clause is concerned with process rather than outcome. See Zinermon v. Burch, 494 U.S. 113, 125-26 (1990). Although the parties vigorously dispute the correctness of PREPA's decision as a matter of Commonwealth law, that debate is not material to the constitutional question of what process was due. See Torres-Rosado v. Rotger-Sabat, 335 F.3d 1, 10 (1st Cir. 2003). Rather, "to determine whether a constitutional violation has occurred, it is necessary to ask what process [PREPA] provided, and whether it was constitutionally adequate." Zinermon, 494 U.S. at 126.

## A. Constitutional Adequacy of the Procedure

Constitutional adequacy is measured against the fundamental principle that "individuals whose property interests are at stake are entitled to 'notice and an opportunity to be heard.'" Dusenbery v. United States, 534 U.S. 161, 167 (2002) (quoting United States v. James Daniel Good Real Prop., 510 U.S. 43, 48 (1993)). Beyond that, however, due process is "flexible and calls for such procedural protections as the particular situation

demands." Gilbert v. Homar, 520 U.S. 924, 930 (1997) (internal citations and quotation marks omitted).

There is no question that Ramos-Mercado was on notice of PREPA's position as of April 19, 2007, when she acknowledges having received the first letter from Rodríguez-Ruiz. That letter informed her of PREPA's decision not to reinstate her and adequately described the basis for that decision. The only question, then, is whether Ramos-Mercado was given a sufficient opportunity to contest PREPA's decision. See Chmielinski v. Massachusetts, 513 F.3d 309, 316 (1st Cir. 2000).

In that regard, we note that Ramos-Mercado could have sought post-deprivation judicial review of PREPA's decision in the Commonwealth court system. See P.R. Laws Ann. tit. 3, §§ 2102, 2171-2176; id. tit 4, § 24y(c). Although the availability of comprehensive post-deprivation procedures of that sort does not necessarily eliminate the need for a pre-deprivation check against mistaken decisions, it does affect the necessary scope of such pre-deprivation procedures. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 545-47 & n.12 (1985); Mard, 350 F.3d at 193.

PREPA argues that, under the facts of this case, the exchange of letters between Ramos-Mercado and Rodríguez-Ruiz provided Ramos-Mercado with a constitutionally adequate pre-deprivation opportunity to challenge PREPA's position. As we have indicated, Ramos-Mercado clearly articulated her legal argument in

opposition to PREPA's position in her April 20, 2007, letter. Rodríguez-Ruiz then replied on June 11, 2007, indicating that PREPA had considered and rejected her argument.

Only one fact was material to PREPA's decision: the fact that the Puerto Rico Supreme Court removed Ramos-Mercado from her judicial office. That "independently verifiable" fact has never been disputed. Gilbert, 520 U.S. at 933 (citing Codd v. Velger, 429 U.S. 624, 627-28 (1977) (per curiam)). Ramos-Mercado and PREPA differed only as to the proper interpretation and application of Commonwealth law and PREPA's personnel regulations.[2]

Given the purely legal character of the dispute, the nature of the interests involved, and the availability of post-deprivation judicial review, we conclude that the opportunity for Ramos-Mercado to present her legal argument in writing was all the process that was due prior to the deprivation in this case. See Gilbert, 520 U.S. at 933-34; Dixon v. Love, 431 U.S. 105, 113-14 (1977); Penobscot Air Servs. v. Fed. Aviation Admin., 164 F.3d 713, 723-24 (1st Cir. 1999). Ramos-Mercado has therefore failed to

_____

[2]     Although Ramos-Mercado has never disputed the fact of her removal from the judiciary, she suggested for the first time on appeal that there were other factual disputes between her and PREPA. We deem that argument waived. In any event, it is beside the point because the supposedly disputed facts were not material to PREPA's decision, which turned solely on the fact that Ramos-Mercado had been removed from office. See P.R. Laws Ann. tit. 3, § 1462g(1) (removal from public service renders individual ineligible for public employment until habilitated); P.R. Elec. Power Auth., Regulations for Career Service Personnel Management, § VIII(G) (Oct. 2006) (same).

state a due process claim. Our disposition makes it unnecessary to address the individual capacity appellees' qualified immunity arguments.

## B.  Supplemental Claims

In addition to her due process claim, Ramos-Mercado asserted a supplemental Commonwealth law claim in her complaint. The district court declined to exercise jurisdiction over that claim, citing its dismissal of the federal claim. See Ramos-Mercado, 550 F. Supp. 2d at 293. We hold that the district court did not abuse its discretion in so doing, as the motion to dismiss was decided far in advance of trial and all claims over which the district court had original jurisdiction were properly dismissed. See McCloskey v. Mueller, 446 F.3d 262 (1st Cir. 2006).

**AFFIRMED**.